UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | CASE NO. 1:16-cv-295 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ROYAL ADMINISTRATION SERVICES, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the two-part motion of plaintiff Bryan Anthony Reo ("Reo" or "plaintiff") for leave to amend and to remand. (Doc. No. 7 ["Mot."].) Defendant Royal Administration Services ("Royal Administration" or "defendant") has filed its opposition (Doc. No. 9 ["Opp'n"]) and Reo has filed a reply (Doc. No. 10 ["Reply"]). For the reasons discussed below, the motion for leave to amend is granted. Further, in light of this decision, plaintiff's motion to strike affirmative defenses (Doc. No. 12), briefing on which had been previously stayed by order of the Court, is denied without prejudice. The Court will address plaintiff's motion to remand in a separate order.

### I. BACKGROUND

Reo is a *pro se* litigant who initiated this lawsuit in the Lake County Court of Common Pleas on December 30, 2015.[1] (*See* Complaint, Doc. No. 1-1 ["Compl."].) Reo sued Royal Administration for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1305.01, *et seq.*

---

[1] The fact that Reo is *pro se* should not suggest that he is at a disadvantage in this litigation. He is a very experienced *pro se* litigator, having filed many lawsuits in this and other courts. Reo knows precisely what he is doing.

("OCSPA"), and the Ohio Telephone Solicitation Sales Act, Ohio Rev. Code § 4719.01, *et seq.*, and under common law. (Compl. ¶ 1.)

On February 8, 2016, Royal Administration removed the action to this Court, on the basis of federal question jurisdiction. (*See* Notice of Removal, Doc. No. 1, ¶ 1 (citing 28 U.S.C. § 1331) and ¶¶ 4-5 (citing 47 U.S.C. § 227, *et seq.*).) On February 15, 2016, Royal Administration filed its answer and affirmative defenses. (Doc. No. 4.)

The Court promptly issued the Case Management Conference Scheduling Order, setting the CMC for March 24, 2016. (*See* Doc. No. 5.)

Reo then filed the instant combined motion for leave to amend and to remand, and, on March 16, 2016, filed both a motion to continue the "status conference" (Doc. No. 11) and a motion to strike affirmative defenses (Doc. No. 12).

By order dated March 16, 2016, the Court granted the motion to continue the CMC and further stayed all other proceedings, including briefing on the motion to strike, until the Court could decide the combined motion to amend/remand. (*See* Doc. No. 13.) In the order, the Court also stated that no additional documents could be filed until the Court lifted the stay.

## II. DISCUSSION

Under Fed. R. Civ. P. 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Here, plaintiff seeks leave to amend by removing the TCPA claim, the sole federal claim. Reo cites *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) as authority for arguing that a court should consider the lack of any harm or prejudice to the non-moving party if leave to amend were to be granted. (Mot. at 66.)[2]

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

In *Foman*, the Court also noted that a plaintiff should be granted leave to amend so as to be "afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Here, plaintiff is not seeking to test a claim on its merits. Instead, he seeks to deny defendant that same opportunity. To that extent, granting leave to amend would prejudice defendant, who clearly believes it has a strong legal basis on which to challenge Reo's assertion of statutory violations under the TCPA and, undoubtedly, would like that opportunity to put any such claim to rest.[3]

That said, plaintiff is the "master" of his own pleading, *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S. Ct. 410, 57 L. Ed. 716 (1913) ("the party who brings the suit is master to decide what law he will rely upon"), and if he wishes to eliminate his TCPA claim through amendment, this Court sees no reason to forbid that at this early stage of the proceedings, even in the face of defendant's arguments that amending would be futile because the remaining claims could not survive a dispositive motion. (Opp'n at 95-99.) The case is not currently in a procedural posture where the Court must address defendant's merits arguments. Once plaintiff is granted leave to amend, defendant will be free to move or otherwise plead in response to the amended complaint.

---

[3] In the Complaint, Reo alleges that defendant called his residential telephone on December 28, 2015 with an unsolicited auto-dialed sales call attempting to sell him extended warranty insurance on his automobile. (Compl. ¶ 10.) Plaintiff alleges that the manner in which the call transpired violated the TCPA. (*Id.* ¶¶ 10-12.) This case is strikingly similar to another case removed to this district from Lake County Common Pleas Court and assigned to Judge Polster. That case was voluntarily dismissed by plaintiff on February 2, 2016, after Judge Polster advised plaintiff during a teleconference on January 15, 2016 that, as a matter of law, there is no recovery under the TCPA for one call. *See Reo v.Nat'l Auto Div. LLC*, Case No. 1:15-cv-2517.

## III. CONCLUSION

Accordingly, plaintiff's motion for leave to amend the complaint (Doc. No. 7, Part 1) is granted. The Clerk is directed to extract from plaintiff's motion the proposed First Amended Complaint (Doc. No. 7-2, with its exhibit) and to file it as such.[4] Further, plaintiff's motion to strike affirmative defenses (Doc. No. 12) is denied without prejudice.

**IT IS SO ORDERED**.

Dated: December 2, 2016

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[4] Ordinarily, the Court would require the party himself to file the amended complaint. However, for convenience, the Court is requesting that the Clerk perform this administrative task.