2016 FEB 25 PM 1:44

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>Plaintiff,<br><br>v.<br><br>**ROYAL ADMINISTRATION SERVICES**<br>51 Mill Street, Building F<br>Hanover, MA 02339<br><br>Defendant. | Case No. 1:16-cv-00295-SL<br><br>Hon. Sara Lioi |

**PLAINTIFF'S FIRST AMENDED COMPLAINT
(JURY TRIAL ENDORSED HEREON)**

## COMPLAINT

BRYAN ANTHONY REO (Plaintiff), alleges the following against ROYAL ADMINISTRATION SERVICES (Defendant):

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 et seq. ("OCSPA"), the Ohio Telephone Solicitation Sales Act, R.C §§ 4719.01 *et seq* ("OTSSA"), as well as related common law claims.

### II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a limited liability company existing by and through the laws of the State of Massachusetts, which does business in the State of Ohio. Defendant does business as RoyalAdmin.com and maintains an interactive commercial website at <http://www.royaladmin.com>, which is accessible to Ohio residents.

### III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of R.C. § 2305.01;

5. This Court enjoys personal jurisdiction over Defendant because Defendant transacted business in the State of Ohio thereby causing Plaintiff's causes of action against Defendant to arise and because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

### IV. STATEMENT OF FACTS

7. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the OTSSA, R.C. § 4719.01; to wit: (440) 352-6060.

8. Plaintiff's residential telephone line has been listed on the national Do Not Call Registry since before Defendant called Plaintiff's residential telephone line as detailed in this Complaint.

9. Defendant made telephone calls to Plaintiff's residential telephone from—but not limited to— telephone number: (803) 395-0196.

10. Defendant called Plaintiff's residential telephone on December 28, 2015, at approximately 1:55 p.m. EST and initiated an unsolicited auto-dialed sales call which consisted of a live human employee attempting to sell the Plaintiff extended warranty insurance for his automobile. A screenshot of the Caller ID display associated with this call is attached as Exhibit 1. The Defendant claimed they are the warranty provider for Toyota and they gave Plaintiff the distinct impression that they were affiliated with Toyota on an official basis. They also told Plaintiff that his service warranty coverage was "up" and that this was the "final opportunity" he would have to get extended coverage. They claimed that "our records indicate the service policy on your vehicle is up" which directly implied they were Toyota or were affiliated with Toyota since Plaintiff, being a Toyota customer, would reasonably conclude that the only entities with records on his Toyota would be the Toyota dealership or their direct bona-fide affiliates.

11. Defendant failed to disclose the identity of the entity making the call or on whose behalf the call was being made at the beginning of the call. Defendant only disclosed the identity of Royal Administration after being asked by Plaintiff "Whose policy is this? Who underwrites the policy? Who are selling on behalf of?"

12. Defendant failed to disclose at the onset of the call that the purpose of the call was solicitation and an attempt to make a sale.

3

13. Plaintiff recorded the entirety of the call from paragraph 10 and will be entering a certified transcript of the recording as evidence and using the recording as evidence at any trial or hearing on this matter.

14. Defendant told Plaintiff that his warranty coverage had lapsed and that he would have to renew if he wanted coverage. Plaintiff is not aware of any warranty coverage lapsing on his vehicle.

15. Defendant implied they were an affiliate of Toyota and that Toyota sold vehicles while Defendant sold the official warranty policies to cover the vehicles.

16. Defendant used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, the storing and generating of random numbers for dialing, for all telephone calls as described in this Complaint. This is evidenced by the perceptible delay after Plaintiff repeatedly said "Hello?" but before Defendant's agent came on the call and an audible mechanical sound being heard by Plaintiff at the onset of the telephone calls.

17. Based upon information and belief, Defendant initiated numerous separate auto-dialed calls involving recorded messages, interactive messages, and some live human employees or agents, to Plaintiff during the years of 2014 and 2015.

18. Defendant called Plaintiff's residential telephone for the purpose of encouraging the purchase or rental of, or investment in, goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by R.C §§ 4719.01(A)(7).

19. Defendant regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice.

20. All telephone calls made by Defendant to Plaintiff were intrusive, disruptive, and annoying.

21. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent for Defendant to call Plaintiff's residential telephone.

22. All telephone calls made by Defendant to Plaintiff as described in this Complaint constitute commercial advertising.

23. Plaintiff further notes that, based upon information and belief, Defendant has not obtained a solicitor surety bond with the State Attorney General's office and could be subject to forfeiture proceedings by the State Attorney General.

24. Plaintiff further notes that Defendant violated R.C. §§ 4719.21(B) by intentionally blocking the number displayed on the Caller ID of the Plaintiff's phone by causing to be displayed a number that is not actually their true phone number but rather is a spoofed number of a number not in service, a number which Plaintiff was not able to use to reach anybody despite repeatedly dialing the number in an attempt to communicate "do not call" requests to Defendant or Defendant's agents.

25. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE OCSPA

26. Plaintiff incorporates by reference Paragraphs 1-25 and 35-43 of this Complaint as if each is set forth herein.

27. Defendant is a "person" as defined by R.C. § 1345.01(B).

28. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

29. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

30. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

31. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with telemarketing regulations, specifically failing to mention that the purpose of the call was to make a sale. Furthermore Defendant implied they were affiliated with Toyota and telling Plaintiff that his vehicle warranty was about to expire and that this was his "last opportunity" to get warranty coverage.

32. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the OCSPA. R.C. § 1345.09(B).

33. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

34. Defendant committed five (4) violations of Count II of Plaintiff's Complaint. Defendant violated the OCSPA one time by failing to disclose that the purpose of the call was to make a sale, one time by implying affiliation with Toyota, once by blocking the number displayed, and one more time by telling Plaintiff it was his "final opportunity" to extend

his coverage, which was deceptive, and at least one time by violating the OTSSA which is a per se violation of the OCSPA.

## COUNT II
## COMMON LAW NEGLIGENCE PER SE

35. Plaintiff incorporates by reference Paragraphs 1-34 and 40-43 of this Complaint as if each is set forth herein.

36. Defendant owed Plaintiff a duty of care; to wit: to not harass Plaintiff by violating provisions of the OCSPA.

37. Defendant breached its duty of care to Plaintiff; to wit: Defendant harassed Plaintiff when Defendant violated provisions of the OCSPA.

38. Defendant proximately and directly caused Plaintiff to suffer damages via Defendant's breach of its duty of care it owed to Plaintiff; to wit: Plaintiff suffered mental anguish in the form of irritation, frustration, and vexation due to the invasion of Plaintiff's privacy interests as codified by the OCSPA and OTSSA.

39. Defendant committed against Plaintiff the common law tort of negligence per se.

## COUNT III
## OHIO TELEPHONE SOLICITATION SALES ACT

40. Plaintiff incorporates by reference Paragraphs 1-39 of this Complaint as if each is set forth herein.

41. Defendant told Plaintiff that it would be his "final opportunity" to get an extended warranty policy and then proceeded to call back after that time, showing that it was not actually the "final opportunity" and violating the "do not call" request made by Plaintiff. Defendant violated R.C. 4719.07.

42. Upon information and belief Plaintiff alleges that Defendant does not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. 1345.02. A violation of the TSSA is also a per se violation of the OCSPA.

43. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendant acted and violated the TSSA in a knowing fashion.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

44. Enter judgment against Defendant in Plaintiff's favor in an amount of money not to exceed ($20,000.00) for general damages, statutory damages, treble damages, punitive damages, and the award of mandatory attorney's fees pursuant to R.C. 4719.15(b) [if Plaintiff retains legal counsel], and the award of mandatory court costs (as provided by R.C. 4719.15(b). Plaintiff seeks an amount of $20,000.00 [twenty thousand dollars] inclusive of all damages, costs, fees, in the aggregate.

45. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

_____
Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
Phone (440) 313-5893
E-Mail: breo08@jcu.edu
Plaintiff

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.