UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN ANTHONY REO, | ) | CASE NO. 1:16-cv-295 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ROYAL ADMINISTRATION SERVICES, | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiff Bryan Anthony Reo ("Reo" or "plaintiff") to remand this case to the Lake County Court of Common Pleas. (Doc. No. 7, Part 2 ["Mot."].) Defendant Royal Administration Services ("Royal Administration" or "defendant") has filed its opposition (Doc. No. 9 ["Opp'n"]) and Reo has filed a reply (Doc. No. 10 ["Reply"]). For the reasons discussed below, the motion to remand is granted.

### I. BACKGROUND

Reo, a *pro se* litigant, initiated this lawsuit in the Lake County Court of Common Pleas on December 30, 2015. (*See* Complaint, Doc. No. 1-1 ["Compl."].) Reo sued Royal Administration for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1305.01, *et seq.* ("OCSPA"), and the Ohio Telephone Solicitation Sales Act, Ohio Rev. Code § 4719.01, *et seq.*, and under common law. (Compl. ¶ 1.)

After Royal Administration timely removed the action to this Court on the basis of federal question jurisdiction, Reo sought and was granted leave, over defendant's opposition, to

amend the complaint to remove the sole federal claim. Reo also sought to remand the case to state court and the Court indicated that it would rule on that portion of the motion separately.

## II. DISCUSSION

At the time of removal by Royal Administration, there was a federal claim upon which to base this Court's jurisdiction. 28 U.S.C. § 1331. The Court assumed supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

Since the Court permitted plaintiff to amend his complaint by removing the sole federal claim, only state law claims now remain. The Court may, in its discretion, either retain jurisdiction over those claims and proceed on the merits, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009), or decline jurisdiction and remand the amended complaint to the state court. *See* 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

"Comity to state courts is considered a substantial interest; therefore, [the Court] applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed—retaining residual jurisdiction 'only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh [any] concern over needlessly deciding state law issues.'" *Packard v. Farmers Ins. Co. of Columbus, Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (further citation omitted)). "[G]enerally '[w]hen all federal claims are dismissed before trial, the

balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'" *Id.* at 585 (quoting *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) (further citations omitted)).

Here, this matter is in a decidedly pre-trial procedural posture. The Court has just permitted Reo to file his amended complaint, retaining only his state law claims and dismissing his sole federal claim. Upon remand, defendant will be in a position to move or otherwise plead in response to the amended complaint. Any arguments on the merits of the state law claims can be timely made in that context, should defendant so choose. Although defendant also suggests that plaintiff has a history of abusing the judicial process by bringing frivolous actions[1] and engaging in gamesmanship as a means of extorting settlements,[2] that, too, is a matter that can be ably addressed by the state court once it resumes jurisdiction.

---

[1] The Court takes judicial notice of about a dozen lawsuits filed in this district by Reo under the TCPA (or removed), most of which were voluntarily dismissed, upon settlement. Among those was one that was removed and then voluntarily dismissed by plaintiff after Judge Polster pointed out that there is no remedy under the statute for a single telephone call. *See Reo v. Nat'l Auto Div. LLC*, No. 1:15-cv-2517 (dismissed 2/2/16). Notably, before plaintiff amended his complaint in the instant case, he alleged but one telephone call as the basis for his claim under the TCPA.

[2] As an exhibit to its opposition to plaintiff's motion, defendant has supplied a volume of email exchanges between plaintiff and defendant's counsel that suggest plaintiff's motives are questionable and, perhaps, sanctionable. This Court suspects that plaintiff is attempting to manipulate the proceedings by belatedly dismissing the federal claim. Under *Carnegie-Mellon Univ.*, 484 U.S. at 622-23, "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the [supplemental] jurisdiction doctrine support a remand in the case." At least two other courts in this circuit have reached different conclusions as to the effect of manipulation on the court's exercise of discretion in deciding whether to retain supplemental jurisdiction. *See Great West Cas. Co. v. Phillips*, No. 3:15-cv-050-PLR-CCS, 2015 WL 3960882, at *1 (E.D. Tenn. June 29, 2015) (determining that a single example of such manipulation would likely be "an insufficient basis to prevent a remand." (citation omitted)); *but see Strickland v. Wells Fargo & Co.*, No. 1:16-cv-00109, 2016 WL 6127838, at *3 (W.D. Mich. July 26, 2016) ("[f]airness to Defendants requires that tactical manipulation by Plaintiffs not be allowed to bring about the remand of this case to state court"). Given the early procedural posture of this case, the Court believes remand is warranted and will leave to the state court any decision about whether plaintiff's conduct is sanctionable.

### III. CONCLUSION

Plaintiff's motion to remand his amended complaint (Doc. No. 7, Part 2) is granted.

**IT IS SO ORDERED**.

Dated: December 2, 2016

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**